UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

DARRELL J. HARPER, §
 §
 Plaintiff, §
versus §  CIVIL ACTION H-04-3270
 §
 §
JEFF BECK, §
 §
 Defendant. §

# Opinion on Sanctions

1.  *Introduction.*

A fired employee sued the president of his former employer. The case was dismissed because the employee had been ordered not to file suits without first getting the permission of a federal judge and paying filing fees for past suits. The president requested sanctions, which were denied, and he appealed. The court of appeals remanded for an explanation of the denial. The district court's decision was supported by the record; the entry of an explanation is jurisprudentially unnecessary, and the requirement of an explanation is a bureaucratic shuffle. The record supports the denial.

2.  *Background.*

Darrell Harper worked for Frontier Materials Concrete from 2000 to 2002. In July of 2002, Harper was fired. His employment records show that Harper complained to Frontier and the Equal Employment Opportunity Commission about his perception of racial discrimination before being fired. He also complained of discrimination to the Texas Commission on Human Rights after he was fired. He said that Frontier fired him because he is black and in retaliation for his complaining about discrimination. Neither commission found violations at Frontier, and both gave Harper the right to sue. And sue he did.

### A. *Frontier Employment Litigation.*

Harper filed suit pro se in August of 2002 against Frontier in this court. In addition to racial discrimination, his disjointed complaint included allegations of collusion on the part of Frontier and a federal magistrate judge who had dismissed his earlier suit against another former employer. This court dismissed the complaint finding that the suit against Frontier was meritless.

Harper then filed suit against Frontier's president Jeff Beck in Texas court in November of 2003 for racial profiling, identity theft, and fraud. The state court dismissed all employment discrimination claims that suit may have contained and told Harper to replead other claims he was attempting to bring. Harper failed to amend the complaint, and that suit was dismissed in its entirety in April of 2004.

Harper's post-employment dealings with Frontier were not confined to the courtroom. In August of 2004, he was arrested for making a terroristic threat after making a threatening gesture towards Jeff Beck outside the Frontier office.

Harper then brought this current suit in which he accused Beck of civil rights violations, identity theft, bribery, and sundry other wrongs. The action was dismissed less than a month later because Harper failed to get permission before he sued.

### B. *Harper's Other Litigation.*

Darrell Harper is litigious. Before bringing this suit – among his twenty-two or so suits – Harper also sued in federal court two other employers, his apartment complex, and his car lender. He also sued this judge and a magistrate judge for dismissing lawsuits. He brought all of these without help from a lawyer.

These suits lacked factual and legal foundations. Harper merely strung together legal-sounding phrases and recited disjointed "facts" that raised no plausible bases of liability. Additionally, Harper failed to pay the filing fee for these actions. Consequently, in December of 2002, I precluded Harper from suing without first getting permission from a federal judge and paying all past filing fees.

3. *Beck's Sanction Request.*

Because Harper brought this action without meeting either condition of the preclusion order, this case was promptly dismissed in September of 2004 along with two of Harper's lawsuits against other past employers.

Before the case was dismissed, Beck moved for sanctions against Harper. In addition to dismissal, Beck requested wide-ranging declaratory relief and attorneys' fees which were denied. Beck appealed this denial.

Despite the fact that denials of sanctions typically require no explanation, the court of appeals remanded for a justification of the absence of an award. FED. R. CIV. P. 11, comments to the 1993 Amendments. The rationale for the denial is obvious from a cursory examination of the substance of the request and the record, but it is detailed below in terms that even Harper should understand.

Beck requested sanctions and dismissal in his first pleading in this case. He described Harper's suit as harassment, a judicial assault, and as a campaign conducted for spite. Beck complained at length of Harper's conduct in front of Frontier that resulted in Harper's arrest.

Beck premised his sanctions request on Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and 42 U.S.C. § 2000e-5(k) that allows a prevailing party in an employment discrimination action to request attorney's fees. Each of these leaves sanctions to the discretion of the trial court.

Their discretionary nature aside, none of these provisions serves as a basis for sanctions in this case. Rule 11 is unavailable because Beck failed to give Harper the notice the rule requires. Section 1927 only applies to attorneys or other people admitted to practice before the court. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996). As Harper is in neither category, that statute similarly fails to support sanctions. The case was dismissed because Harper sued in violation of the order, not because of Beck's litigation of the case. Consequently, Beck did not prevail in the

action, so § 2000e-5 also fails as a basis for sanctions.

Even if one of these bases were available to Beck, the facts did not support the types of sanctions he requested. He asked for four different forms of sanctions: (1) the case be dismissed with prejudice; (2) an injunction preventing Harper from ever suing Beck, Frontier, its employees or their families, agents, attorneys, affiliates, or representatives because of his employment at Frontier; (3) an injunction preventing Harper from having contact of any kind with that same, unlimited group of people; and (4) $25,000 in attorneys' fees and costs of court for defending the state court action and this action.

Because this suit was brought in violation of the court's order, it was dismissed less than a month after it was brought. Beck received the remedy he was seeking in his first sanction request.

The second and third requests are not justified under the law as they are overly broad. Beck lacks standing to request such relief for anyone other than himself. The order precluding Harper from bringing suit without first getting approval from a federal judge is already in place and affords Beck the relief he seeks for himself.

The final request is not justified by the facts. Attorneys' fees for the suit in state court should have been sought there, not here. An award of $ 25,000 for filing two motions in this action is wholly unjustified.

The primary purpose of sanctions is to deter bad behavior. The most direct and efficient way of addressing Harper's litigation excesses is to preclude him from bringing suit unless a federal judge approves it first. This remedy is already in place. To pretend that assessing attorneys' fees would somehow be a more effective remedy for Harper's behavior is illogical.

Harper is judgment proof. He is a delusional, unemployable person. Perhaps the court of appeals had no grandmother to admonish it that "it is irrational to be rational with an irrational person." This court had taken the strongest remedy it can before Beck asked; it has barred Harper's suits. Using public resources to engage in empty gestures is unjudicial.

4. *Conclusion.*

This case was dismissed less than one month after it was filed. The sanctions Beck requested beyond dismissal were not warranted by either the facts or the law. Consequently, his request for sanctions was denied.

Signed on March 1, 2007, at Houston, Texas.

Lynn N. Hughes  USDJ
United States District Judge